IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LORA L. STANLEY, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil No. **05-4203-JPG** |
| | ) |
| **CARRIER MILLS-STONEFORT** | ) |
| **SCHOOL DISTRICT NO. 2,** | ) |
| **and RICHARD MORGAN,** | ) |
| | ) |
| Defendants. | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendants' Motion for a Qualified Protective Order Pursuant to HIPAA **(Doc. 58)**. On December 13, 2006, plaintiffs counsel Jason R. Craddock informed the Court via e-mail that plaintiffs have no objection to the motion. The Court finds that good cause exists for the entry of a Protective Order to prevent the unauthorized disclosure and to direct the use of protected health information during the course of this litigation.

Upon consideration and for good cause shown, defendants' Motion for a Qualified Protective Order Pursuant to HIPPA **(Doc. 58)** is **GRANTED as follows**:

1. All records produced by the parties to this litigation shall be produced subject to the conditions of this Order.

2. During the course of this litigation, the parties recognize it may be necessary to disclose "protected health information" of plaintiffs LORA STANLEY, JOSH STANLEY, JODY RUMSEY, MCKENNA STANLEY, GARRETT RUMSEY, JESSICA STANLEY, JIMMY ROLLER AND KRISTI NIXON as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

3. This Order shall apply to any records produced by a covered entity (as defined by 45

        C.F.R. Section 160.103) which receives a request to produce or a subpoena for protected health information.

4. All protected health information disclosed by any covered entities shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, discovery, depositions, mediation, trial preparation or trial and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

5. Protected health information may be disclosed by any covered entity, health care provider, insure, party, party's expert, or party's attorney without further notice to the following:

    (a) Counsel for the respective parties to this litigation, their employees, parties to the litigation, and employees of counsel who are assisting in the prosecution or defense of this litigation;

    (b) Experts and consultants (and their employees and clerical assistants) who are employed, retained or otherwise consulted by counsel of the parties to assist in any way in the preparation and trial of this litigation;

    (c) Treating physicians;

    (d) Other health care provider;

    (e) Liability insurers of any of the parties involved in the litigation;

    (f) In any proceedings for health oversight activities as permitted under 45 C.F.R. Section 164.52; and

    (g) Copying services for the purpose of copying records subject to this Order.

6. The parties and each entity governed by this order shall either (a) destroy or (b) return to the entity who originally produced it, all protected health information including all copies made, provided, however, the said protected health information may be retained in the files of the law firms handling this litigation and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

7. This Protective Order shall survive the final conclusion of this litigation and shall continue in full force and effect and the Court shall retain jurisdiction to enforce this Protective Order. However, if the action is pursued before the Court of Appeals for the Seventh Circuit, the propriety of continuing to enforce the protective order will be subject to review.

8.  This Order does not change or affect notice and other procedural requirements of the Federal Rules of Civil Procedure. Nothing herein shall be construed as a waiver of Plaintiff's rights as established by the *Petrillo* Doctrine and is progeny. Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act, the Aids Confidentiality Act or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 290ee-3, and 42 CFR Part 2).

**IT IS SO ORDERED.**

**DATE: December 14, 2006.**

                         **s/ Clifford J. Proud**
                         **CLIFFORD J. PROUD**
                         **U.S. MAGISTRATE JUDGE**